IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY A. NELSON ROGERS,         )
                               )   02:09-cv-00419-GEB-GGH
          Plaintiff,           )
                               )   ORDER TO SHOW CAUSE
     v.                        )   AND CONTINUING STATUS
                               )   (PRETRIAL SCHEDULING)
FDIC as Receiver for Downey    )   CONFERENCE
Savings and Loan, a            )
corporation; STATE FARM        )
GENERAL INSURANCE COMPANY, a   )
Corporation,                   )
                               )
          Defendants.          )
                               )

         An Order issued May 27, 2009, rescheduled the then pending status conference to June 29, 2009, and required the parties to file a joint status report no later than fourteen days prior to the status conference. No status report was filed.

         Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on September 14, 2009, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or her counsel is at fault, and

1

1  whether a hearing is requested on the OSC.[1]  If a hearing is
2  requested, it will be held on September 28, 2009, at 9:00 a.m.,
3  just prior to the status conference, which is rescheduled to that
4  date.  A status report shall be filed no later than fourteen days
5  prior to the status conference.
6          IT IS SO ORDERED.
7  Dated:  June 23, 2009

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge

---

[1]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).