IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MARY A. NELSON ROGERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FDIC AS RECEIVER FOR DOWNEY ) <br> SAVINGS AND LOAN and STATE FARM ) <br> GENERAL INSURANCE COMPANY, ) <br> ) <br> Defendants. ) | 2:09-cv-00419-GEB-GGH <br><br> ORDER GRANTING DEFENDANTS' <br> MOTION TO DISMISS[*] |

On September 21, 2009, Defendants filed a motion to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Defendants argue that the one-year suit limitation period in Plaintiff's insurance policy expired before Plaintiff filed this lawsuit, barring the action. For the following reasons, Defendants' motion is GRANTED.

//

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 78-230(h).

1

## I.   BACKGROUND

On August 1, 2003, Plaintiff's home at 2171 56th Avenue, Sacramento, California, was damaged by a fire. (Compl. ¶¶ 8, 12; Ex. C.)  At the time of the fire, Plaintiff's home was insured against damage and loss by State Farm Homeowner's Policy number 55-R7-0277-0 (the "Policy"). (Compl. ¶ 10; Ex. B.)  The Policy contains a one year suit-condition, which states:

> **6. Suit Against Us.**  No action shall be brought unless there has been compliance with the policy provisions.  The action must be started within one year after the date of loss or damage.

(Ex. B.)  This one-year limitation period is required by California Insurance Code section 2071, and the limitation period begins when the loss is discovered.  Prudential-LMI Com. Ins. v. Sup. Ct., 51 Cal. 3d 674, 686 (1990); see also C & H Foods Co. v. Hartford Ins. Co., 163 Cal. App. 3d 1055, 1064 (1984) ("Such a provision has long been recognized as valid in California.")

On August 1, 2003, Plaintiff initiated a claim with State Farm under the Policy, which was assigned claim number 55-F912-551. (Compl. ¶ 13; Ex. D.)  Between August 1, 2003 and November 23, 2004, State Farm evaluated and made payments on the Claim.  (Compl. ¶¶ 14-34.)  Ultimately, State Farm informed Plaintiff that it had paid her a total of $217,735.27 on the Claim, as follows: $119,228.67 on Coverage A-Dwelling; $69,650.60 on Coverage B-Personal Property; and $28,856.00 on Coverage C-Loss of Use.  (Compl. ¶ 37; Ex. Y.)

State Farm sent a letter to Plaintiff dated March 4, 2005, in which the following settlement statement is included:

> At this point in time, we believe we have issued payment to our policyholder to the extent that the policy contract allows. Therefore, this represents our unequivocal settlement of the claim.

(Ex. X.) The letter quoted the Policy's one-year suit condition, and also included the following communication:

> California Law requires us to notify you of a time limit that applies to this claim. The time limit pertains to Condition 6 of this policy. This condition is required by law and is contained in all property insurance policies issued in the State of California. . . This condition limits the time to commence legal action for recovery of damages sustained in the loss.

(Ex. X.) Plaintiff filed her lawsuit in this case on August 26, 2008, over three years after the date of the March 4, 2005 letter.

## II. ANALYSIS

Defendants argue Plaintiff's lawsuit is barred by the one-year limitations period. Specifically, Defendants argue this one-year period expired on July 12, 2007. Plaintiff counters she had a longer period in which to file her lawsuit since she "relied on assertions from various insurance company representatives with relation to her ability to file this lawsuit," and therefore Defendant has "waived any statute of limitations dispute and should further be estopped from claiming equitable tolling of said statute due to such conduct." (Plt.'s Opp'n 2:5-7, 17-20). Plaintiff did not raise this estoppel argument in her complaint. Specifically, Plaintiff argues that Defendants' communication in letters and telephone conversations indicated to her that her "case was open," and therefore Defendants waived any one-year lawsuit limitations argument. (Plt.'s Opp'n

4:6-9.)

"It is settled law that a waiver exists whenever an insurer intentionally relinquishes its right to rely on the limitations provision." Prudential, 51 Cal. 3d at 689. Further, "[a]n estoppel arises as a result of some conduct by the defendant, relied on by the plaintiff, which induces the belated filing of the action." Id. (inner citations omitted).

Plaintiff relies on six letters attached as exhibits to her Complaint as support for her waiver and estoppel arguments. (Plt.'s Opp'n 4:12-20.) However, those letters do not support her argument as is shown by language from each letter quoted below.

The October 7, 2005 letter from State Farm to Plaintiff states:

> State Farm has completed its adjustment of your claim and is closing its file . . . As you know, your policy includes a one year suit limitation period. In State Farm's view, the one year suit limitation period was tolled from August 9, 2005 to today. It begins to run again today.

(Ex. HHH.) Nothing in the letter shows State Farm's intent to waive that defense.

Plaintiff also relies on letters dated May 5 and May 25, 2006 letters from State Farm's counsel that were sent to plaintiff in response to Plaintiff's demand for a policy appraisal. Each letter includes language indicating that State Farm does not waive the one-year suit limitation defense; nor does either letter provide a basis for estoppel. The May 5 letter states:

> State Farm believes that it has paid all that is owed under the policy for the loss you experienced on August 1, 2003. By responding to your latest letter, State Farm does not waive any right or

1
2
3              defense under the policy or the law.  All such
               rights and defenses are reserved.

(Ex. III.)  The May 25 letter states:

4              State Farm has repeatedly advised you that it
               believes it has paid all that is owed to you under
               the policy and the law for the loss you sustained
5              on August 1, 2003.

6              Another letter on which Plaintiff relies is dated

7   July 12, 2006.  State Farm's counsel states in that letter:

8              Since you do not wish to proceed to appraisal,
               there is no reason for State Farm to leave your
9              claim in an open status.  It will again close its
               file.  Please recall that your policy includes a
10             one year suit limitation period.  In State Farm's
               view, the one year suit limitation period begins to
11             run as of the date of this letter.  State Farm
               reserves all of its rights and defenses under the
12             policy and the law.

13  (Ex. JJJ.)  Further, nothing in this letter provides a basis for

14  estoppel.

15             Plaintiff also relies on a letter from State Farm's counsel

16  dated August 4, 2006.  In this letter, State Farm's counsel informed

17  Plaintiff that State Farm did not owe her additional money on her

18  claim, in response to Plaintiff's submission of an estimate by a

19  Construction Company.  The letter concludes:

20
               Your file remains closed and the one year suit
21             limitation period continues to run.  State Farm
               continues to reserve all of its rights and defenses
22             under the policy and the law.

23  (Ex. KKK.)

24             Finally, State Farm's September 27, 2006 letter to Plaintiff

25  informed Plaintiff that State Farm did not owe her any Policy benefits

26  under the Policy's coverage for "code upgrades."  The letter concluded:

27             Your file remains closed and the one year suit
               limitation period continues to run.  State Farm
28

> continues to reserve all of its rights and defenses under the policy and law.

(Ex. LLL.)  This letter provides no support for Plaintiff's waiver and estoppel arguments.

Therefore, Defendants' motion to dismiss is GRANTED.

Dated:  October 28, 2009

```
                        _____
                        GARLAND E. BURRELL, JR.
                        United States District Judge
```