IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARY A. NELSON ROGERS, | ) | |
| | ) | 2:09-cv-00419-GEB-GGH |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | <u>ORDER TO SHOW CAUSE ISSUED TO</u> |
| | ) | <u>DEFENDANT AND DIRECTIVE THAT</u> |
| FDIC, as Receiver for DOWNEY | ) | <u>DEFENDANT FILE A STATUS</u> |
| SAVINGS AND LOAN, | ) | <u>REPORT</u> |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

          The September 17, 2009, Order Setting Status (Pretrial Scheduling) Conference scheduled a final pretrial conference in this case for February 7, 2011, and required the parties to file a joint pretrial statement seven (7) days prior to the conference. The parties did not file a joint pretrial statement as ordered, however, Plaintiff came to undersigned's courtroom on February 7, 2011, for a pretrial conference.

          Since the parties did not file a joint pretrial statement, as required, no pretrial conference was held, and the Court issued a Minute Order on February 7, 2011, requiring the parties to file separate status reports regarding the status of the case by February 22, 2011. (ECF No. 76.) Plaintiff filed a timely separate status report. (ECF No. 78.) Defendant did not file a status report as ordered.

          Therefore, Defendant is Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on March 4, 2011, why

1

sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Defendant or its counsel is at fault, and whether a hearing is requested on the OSC.[1]  If a hearing is requested, it will be held on March 14, 2011, at 9:00 a.m.

Further, Defendant is required to file a status report no later than 3:00 p.m. on March 4, 2011.

IT IS SO ORDERED.

Dated:  February 23, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2