IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY A. NELSON ROGERS,

    Plaintiff,

  vs.                          No. CIV S-09-0419 GEB GGH PS

FDIC AS RECEIVER FOR DOWNEY
SAVINGS AND LOAN, et al.,

    Defendants.             ORDER AND FINDINGS AND
                                      RECOMMENDATIONS
_____/

        Presently pending before the court is defendant FDIC as Receiver for Downey Savings and Loan's[1] ("FDIC") amended motion to dismiss and amended motion to strike, filed April 5, 2011 and May 2, 2011 respectively, as well as plaintiff's motion for protective order, filed April 21, 2011.[2] Also pending on this court's law and motion calendar for June 23, 2011 is defendant's motion to compel, filed May 26, 2011. For the reasons stated herein, the discovery motions should be rendered moot by the court's findings, and will be vacated from the calendar pending the district court's adoption of the instant findings and recommendations.

---

[1] FDIC is the only remaining defendant in the action as defendant State Farm General Insurance Company was dismissed on October 29, 2009.

[2] All motions were taken under submission without a hearing by order of May 6, 2011.

1

BACKGROUND

Plaintiff brought suit against State Farm Insurance Company and Downey Savings and Loan in state court on account of her home which was damaged by fire in 2003 which ultimately led to foreclosure of plaintiff's interest. Plaintiff's home was insured by State Farm, and Downey Savings and Loan was the mortgagee on the home. After FDIC took over as Receiver for Downey, it removed the action to this court on February 11, 2009. State Farm was dismissed by the court on October 29, 2009 which found the claims against that entity to be time barred. (Dkt. #35.) The only claim remaining in the case is against the FDIC as Receiver for Downey Savings and Loan, for breach of contract for wrongful foreclosure. (FAC, ¶¶ 97-102.) Plaintiff seeks damages only.

DISCUSSION

I. LEGAL STANDARD FOR MOTION TO DISMISS- SUBJECT MATTER JURISDICTION

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. See, e.g., Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir.1995); Thornhill Pub. Co. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). Different standards apply to a 12(b)(1) motion, depending on the manner in which it is made. See, e.g., Crisp v. U.S., 966 F. Supp. 970, 971-72 (E.D. Cal. 1997).

First, if the motion attacks the complaint on its face, often referred to as a "facial attack," the court considers the complaint's allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6) motion is made." Doe v. Schachter, 804 F. Supp. 53, 56 (N.D. Cal. 1992). Presuming its factual allegations to be true, the complaint must demonstrate that the court has either diversity jurisdiction or federal question jurisdiction. For diversity jurisdiction pursuant to 28 U.S.C. § 1332, plaintiff and defendants must be residents of different states. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or

controversy" within the meaning of Article III, § 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Second, if the motion makes a "factual attack" on subject matter jurisdiction, often referred to as a "speaking motion," the court does not presume the factual allegations of the complaint to be true. Thornhill, 594 F.2d at 733. In a factual attack, defendant challenges the truth of the jurisdictional facts underlying the complaint. "Faced with a factual attack on subject matter jurisdiction, the trial court may proceed as it never could under Rule 12(b)(6). . . . No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. (quotations and citation omitted). The court may hear evidence such as declarations or testimony to resolve factual disputes. Id.; McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).[3]

II. ANALYSIS

The FDIC first argues that the action must be dismissed because there is no case or controversy.[4] This is the more common (and preferable) way to address the issue here. In every case, in order to demonstrate standing, plaintiff must show, *inter alia*, that whatever injury has been suffered, it will likely be redressed by a favorable decision. Wolfson v. Brammer, 616 F.3d 1045, 1056 (9th Cir. 2010); Heinrichs v. Valley View Development, 474 F.3d 609, 615 (9th Cir. 2007). As plaintiff would be a general unsecured creditor if she prevailed, and would not be able to recover any damages, see below, she would lack standing.

---

[3] If the jurisdictional issue is intertwined with the merits of the case, the trial court cannot determine the jurisdictional issue until such facts are appropriately resolved. See Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir.1987); see also Trentacosta v. Frontier Pac. Aircraft Indus., 8l3 F.2d 1553, 1558 (9th Cir. 1987) (summary judgment standard applied if motion determines facts where jurisdictional issue and merits are intertwined).

[4] Plaintiff's opposition does not address defendant's grounds for dismissal. Rather she sets up straw issues such as declaring herself as a "vessel" in admiralty and defendant's counsel as "fiduciaries," which have no merit.

Alternatively, FDIC urges that the doctrine of prudential mootness renders plaintiff's claim moot.

> Under the doctrine of prudential mootness, there are circumstances under which a controversy, not constitutionally moot, is so 'attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.' " Fletcher v. United States, 116 F.3d 1315, 1321 (10th Cir.1997) (internal citation omitted). "Where it is so unlikely that the court's grant of [remedy] will actually relieve the injury, the doctrine of prudential mootness—a facet of equity—comes into play. This concept is concerned, not with the court's power under Article III to provide relief, but with the court's discretion in exercising that power." Penthouse International, Ltd. v. Meese, 939 F.2d 1011, 1019 (D.C.Cir.1991).

Nasoordeen v. F.D.I.C, 2010 WL 1135888, at *6 (C.D.Cal. Mar.17, 2010).

The Ninth Circuit has not applied the doctrine in this context; however, it has been adopted by the majority of other circuits, including the First, Third, Fourth, Fifth, Sixth, Eighth, Tenth, and D.C. Circuits. Courts within this circuit have consistently applied the doctrine. Nasoordeen, at *6; Bith LLC v. Sardariani, 2011 WL 1519242 (C.D. Cal. April 19, 2011). Courts utilize this doctrine where "there are no set of circumstances under which [plaintiff] can recover any money or property as a result of [her] claims," such as when the amount realized from the liquidation of an insolvent bank's assets is insufficient to meet its liabilities. Nasoordeen at *8, Bith at *2 (quoting First Ind. Fed. Sav. Bank v. F.D.I.C., 964 F.2d 503, 507 (5th Cir.1992)).

There can be no doubt that the FDIC cannot be held liable over and above whatever assets exist of the entity in receivership. 12 U.S.C. § 1821 (i)(2); see First Indiana Savings Bank v. FDIC, 964 F.2d 503, 507 (5th Cir. 1992). Thus, unless Downey has some assets in receivership available for the payment of general, unsecured creditors, there simply is no money to pay plaintiff. Here, the FDIC has produced a "Determination of Insufficient Assets To Satisfy Claims Against Financial Institution in Receivership," in regard to Downey Savings and

////

1 Loan Association.  (RJN Ex. A.)[5]  Such evidence may be considered in conjunction with a

2 challenge to subject matter jurisdiction.[6]  McCarthy, 850 F.2d at 560.

> The National Depositor Preference Act ('NDPA') establishes that creditors of a failed bank are to be paid ... in the following order of priority: 1) Class 1 claims consist of the receiver's administrative expenses, 12 U.S.C. § 1821(d)(11)(A)(i); 2) Class 2 claims are the failed institution's deposit liabilities, id. § 1821(d)(11)(A)(ii) ...; and 3) Class 3 claims are general liabilities of the bank, id. § 1821(d)(11)(A)(iii).... In many cases, Class 1 and 2 claims exhaust the liquidation assets, leaving no funds to pay Class 3 claims. Adagio Investment Holding Ltd. v. F.D.I. C., 338 F.Supp.2d 71, 74 n. 4 (D.D.C.2004).

Nasoordeen, 2010 WL 1135888, at *4.

Based on this Act, depositors have priority over general unsecured creditors.  In this case, plaintiff alleges, not that she was a depositor, but that she had a loan with Downey Savings on which she later defaulted, allegedly due to improper actions by Downey, resulting in the foreclosure of her home.  (FAC, ¶¶ 9, 101-02).   Her only sought remedy is damages.  As such, plaintiff is an unsecured creditor (if she prevails), and will not receive a distribution on claims as the FDIC Determination indicates that any funds for unsecured creditors have previously been exhausted by payment of superior claims.  See Wallis v. Indymac Federal Bank, 717 F.Supp.2d 1195, 1197, 1200  (W.D. Wash. 2010).  Plaintiff therefore lacks standing in this case as she can be awarded no effective remedy, or the case is prudentially moot because the Downey Savings Receivership has no funds to satisfy any general unsecured claims, and will never have funds to satisfy a judgment.

---

[5] The undersigned grants judicial notice of the No Value Determination as it has been published in the federal register and cannot be the subject of legitimate dispute.

[6] Even if a court has jurisdiction under Article III, it may decline to utilize its judicial power under the doctrine of prudential mootness where prudential concerns are raised.  Wallis v. Indymac Federal Bank, 717 F.Supp.2d 1195, 1198 (W.D. Wash. 2010) (citations omitted).  See also In re Nelson, 391 B.R. 437, 443 (9th Cir. BAP 2008) ("The test for prudential mootness of an appeal is whether the appellate court can grant the appellant any effective relief in the event that it decides the matter on the merits in its favor.... If it cannot grant effective relief, the appellate court lacks jurisdiction and must dismiss the appeal."

Because plaintiff lacks standing or the action is prudentially moot, it should be dismissed.  Therefore, the remaining motions will not be decided.

CONCLUSION

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion for protective order, filed April 21, 2011, (dkt. #96), is denied without prejudice to its renewal if these findings and recommendations are not adapted by the district court.

2.  The June 23, 2011 hearing on defendant's motion to compel, filed May 26, 2011, (dkt. # 105), is vacated from the calendar.

3.  FDIC's motion to compel, filed May 26, 2011, (dkt. # 105), is denied without prejudice to its renewal if these findings and recommendations are not adapted by the district court.

IT IS HEREBY RECOMMENDED that:

1.  FDIC's amended motion to dismiss, filed April 5, 2011, (dkt. # 92), be granted and this action be dismissed;

2.   FDIC's amended motion to strike, filed  May 2, 2011, (dkt. # 100), be denied as moot.

////
////
////
////
////
////
////
////
////

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3  fourteen (14) days after being served with these findings and recommendations, any party may
4  file written objections with the court and serve a copy on all parties.  Such a document should be
5  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
6  objections shall be served and filed within fourteen (14) days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 14, 2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076Rogers0419.mtd.wpd