IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARY A. NELSON ROGERS,

    Plaintiff,

  vs.                                  No. CIV S-09-0419 GEB GGH PS

FDIC AS RECEIVER FOR DOWNEY
SAVINGS AND LOAN, et al.,            ORDER and
                                                    FINDINGS AND RECOMMENDATIONS
    Defendants.

        Defendants' motion to declare plaintiff a vexatious litigant and for pre-filing order presently is calendared for hearing on August 11, 2011.  Having reviewed the record, the court has determined that oral argument would not be of material assistance in determining the pending motion.  Accordingly, the court will not entertain oral argument, and will determine the motion on the record, including the briefing in support of and in opposition to the pending motion.  See E.D. Cal. L.R. 230(g).

        Defendants seek an order preventing plaintiff from further advocating the issue of fiduciary duty owed by defense counsel to her, before this court or any other governmental entity (an issue pending before the district judge on Findings and Recommendations).

When a person has been a successive filer, either raising the same argument over and over again, or otherwise simply bringing numerous frivolous suits on a myriad of issues, federal courts may

declare a litigant vexatious, and impose filing restrictions.  See De Long v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515 (9th Cir. 1983).  However, orders imposing filing restrictions should be rarely used.  DeLong, 912 F.2d at 1147.

Defendants have made insufficient record of a number of seriatim filings or motions containing frivolous arguments which could permit such a restriction in this court.  Moreover, this court could not restrain plaintiff from making a particular argument in the Ninth Circuit in this case in that she has apparently never raised the issue before in a previous litigation.  District courts restraining what they perceive as frivolous arguments to be made in a court of appeal engage in an unseemly exercise of lower court authority–especially if the argument is first made in a case which has not yet gone to appeal.  While defendant's invitation may be appealing for some cases, the impulse to accept must be denied.  If the rule were otherwise, lower court judges could insulate their decisions from review by way of enjoining "frivolous arguments" in the Court of Appeal.[1]

Finally, monetary sanctions should generally be sought as a first resort before the ultimate sanction of filing restriction, or argument restriction, is warranted.  See e.g., Fed.R.Civ.P. 11; 28 U.S.C. § 1927, E.D. Cal. LR 110.

////
////
////
////
////
////

---

[1] Such a power vested in the lower courts must find its authority in written law where Congress or a national court rule precludes review.  Examples of such are the statute requiring a certificate of appealability in habeas actions, 28 U.S.C. § 2254(c)(1), and the preclusion of review of certain remand orders, 28 U.S.C. § 1447(d).

Accordingly, IT IS ORDERED that:

1. The August 11, 2011 hearing on the motion to declare plaintiff a vexatious litigant and for pre-filing order, filed July 1, 2011, is vacated from the calendar; and

IT IS HEREBY RECOMMENDED:

2. Defendants' motion, (dkt. # 113), should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2011

    /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076:Rogers0419.vex.wpd